**R. J. LINCOLN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55341.**

Court of Criminal Appeals of Texas.

En Banc.

Jan. 18, 1978.

W. John Allison, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., John G. Tatum, Larry J. Laurent and Dan P. Garrigan, Asst. Dist. Attys., Dallas, for State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery.[1] The appellant pled guilty before a jury and was sentenced to 35 years.

Appellant contends the trial court erred in failing to withdraw the plea of guilty, sua sponte, when evidence was introduced that made evident the innocence of the accused or which at least reasonably and fairly raised an issue as to such innocence, and that he was denied due process of law in that his plea was unknowingly and involuntarily made.

The evidence at trial showed that appellant and another individual entered a Church's Fried Chicken store in Dallas about 2:00 a. m. on the morning of April 24, 1976, and robbed the assistant manager of $199. Appellant was armed with a loaded pistol and instructed the store's personnel to lie on the floor while he and his accomplice emptied the cash register. One witness testified that the appellant held the pistol to her side twice. Two Dallas police officers in the vicinity at the time noticed that an individual (the appellant) was behind the service counter in the employees' area and that the employees were nowhere to be seen. As the police officers approached the store, the two men fled on foot, and after a brief pursuit appellant was

---

1. V.T.C.A., Penal Code Sec. 29.03(a), provides: "A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he

"(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon."

Section 29.02 provides in pertinent part: "A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he . . . intentionally, or knowingly, threatens or places another in fear of imminent bodily injury or death."

apprehended. His accomplice was never found. The evidence further indicates that no shots were fired by the appellant, nor did he strike or physically harm any of the employees at the store.

The appellant testified in his own behalf admitting that he had taken the money and that he used a pistol; however, he further testified that he had no intention of shooting anyone. Under examination by his attorney, appellant testified as follows:

"Q. Okay. Did you ever use that gun?

"A. No, sir.

\* \* \* \* \* \*

"Q. Did you intend to shoot anybody?

"A. No, sir.

"Q. Did you ever cock that gun while *you were out there* at the scene of that robbery?

"A. No, sir.

"Q. You heard Mrs. Harris testify that you put the gun down next to her. Did you point it at her?

"A. I pointed the gun at nobody. I just, you know, pointed it.

"Q. Was there any reason why you did?

"A. I was scared, you know. I just told them to get down on the floor.

\* \* \* \* \* \*

"Q. Did you strike anybody out there at the robbery scene, did you hit anybody with that gun or—

"A. No, sir.

"Q. With your fist?

"A. No, sir.

"Q. Did you hurt anybody?

"A. No, sir.

\* \* \* \* \* \*

"Q. Did you threaten anybody out there at the scene of the robbery?

"A. No, sir."

At this point the trial judge interrupted the testimony:

"THE COURT: Do you want me to change his plea to not guilty?

"DEFENSE COUNSEL: No, sir.

"THE COURT: The indictment reads intentionally and knowingly threaten or [sic] place said complainant in fear of eminent bodily injury. If he's going to deny it, I'm going to have to change his plea to not guilty."

Defense counsel then approached the bench and after an unreported discussion with the judge resumed his direct examination. Appellant subsequently testified that he was pleading guilty because he was guilty.

In *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460, 463, it is stated, "[W]here a plea of guilty is entered in a felony case, before a jury, and evidence is introduced which makes evident the innocence of the accused, or which reasonably and fairly raises an issue as to such fact, *such evidence should be withdrawn or* a plea of not guilty entered. At any and all events, the case should not proceed to final judgment under the plea of guilty." (Our emphasis added.) This rule has been re-affirmed and reiterated in numerous decisions of this Court. See *Taylor v. State*, Tex.Cr.App., 555 S.W.2d 483; *Malone v. State*, Tex.Cr.App., 548 S.W.2d 908; *Woodberry v. State*, Tex.Cr.App., 547 S.W.2d 629; *Lewis v. State*, Tex.Cr.App., 529 S.W.2d 550.

■ At issue is whether the appellant's statements reasonably and fairly raised an issue of fact regarding his guilt such that the trial judge was required to withdraw the guilty plea. We note initially that no effort was made by defense counsel at any time during the trial to withdraw the plea and no objection was made to the court's charge to the jury instructing that a finding of guilty be rendered. Nonetheless, it is incumbent upon the trial court to withdraw a guilty plea when an issue is reasonably and fairly raised as to the accused's innocence. *Burks*, supra.

■ The offense as alleged in the indictment brought under Sec. 29.02(a)(2), supra, allowed proof of alternative means. Thus, *proof of threats or proof of placing another in fear* of imminent bodily injury or death will suffice. Here appellant never denied that he placed the complainants in fear of imminent bodily injury or death. He only

denied that he threatened them. The testimony of the victims showed they were placed in fear of imminent bodily injury or death, and appellant's testimony raised no fact issue on this element.

In reviewing the record we hold that no evidence was introduced which makes evident his innocence or which reasonably and fairly raises an issue as to such fact. Thus, no error was committed by the trial court's failure to withdraw appellant's guilty plea sua sponte. Appellant's first ground of error is overruled.

█ In his second ground of error appellant contends that his guilty plea was taken in violation of due process of law in that he did not possess an understanding of the law in relation to the facts and did not receive adequate notice of the offense to which he pled guilty. Appellant relies on *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). In Morgan's state prosecution he was originally indicted for first degree murder, and subsequently pleaded guilty to second degree murder. No appeal was taken. The United States Supreme Court affirmed the grant of relief to Morgan with the observation, "This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent."

Citing *Smith v. O'Grady*, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859, the court stated:

"[T]he plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" 426 U.S. at 645, 96 S.Ct. at 2257.

In the case at bar the appellant was indicted and pled guilty to the same offense: aggravated robbery. The record affirmatively reflects that the indictment was read to the appellant and that he was arraigned on the charge of aggravated robbery. All the required elements of the offense were correctly stated in the indictment. The record in this case fails to show that appellant was not given an explanation of the elements of the offense. To the contrary, the record reflects the following exchange between the trial court and defense counsel:

"THE COURT: You're telling me that he is able to converse with you and others with that degree of understanding which would render any defense he may have to this case presentable, is that also true?

"COUNSEL: Yes, it is.

"THE COURT: Are you satisfied that he knows the nature of the proceedings taking place?

"COUNSEL: Yes, sir, I do.

"THE COURT: You have investigated the case, have you not, and does there seem to be a factual basis for his plea of guilty?

"COUNSEL: Yes, sir, I believe there is.

"THE COURT: Your opinion is now that he is of sound mind?

"COUNSEL: Yes, sir.

"THE COURT: He is pleading guilty to this charge with your advice and consent?

"COUNSEL: He is, Your Honor.

"THE COURT: Also as a part of your trial strategy?

"COUNSEL: Yes.

"THE COURT: The Court will accept the plea of guilty then as voluntarily made and will enter it of record."

We overrule the ground of error.

The judgment is affirmed.