**Larry NORWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00420–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 27, 1987.

**60**

Ralph A. Lopez, Goldstein, Goldstein & Hiley, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., Sam Millsap, Jr., Former Dist. Atty., Michael Edwards, Edward Shaughnessy, III, San Antonio, for appellee.

Before ESQUIVEL, BUTTS, and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from the conviction of the offense of aggravated robbery. The defendant entered a plea of guilty before a jury to the charge of aggravated robbery, which is the basis for this appeal, as well as two other charges of aggravated robbery. The jury assessed punishment in this cause at five years' confinement.

The offense occurred at Brock's Residence Inn in San Antonio on September 8, 1984. The defendant was a security guard on the premises in question. The State's evidence, including the defendant's confession, established that the defendant originated the plan to rob the hotel and recruited his friend Patrick McKinney to actually commit the crime. The defendant gave his pistol to McKinney to use in the robbery. When the robbery actually took place, the defendant appeared to look surprised. When the indictment was read before the jury, the defendant stated he was pleading guilty. The jury was excused, and the trial judge properly admonished the defendant of the consequences of his plea as required by TEX.CODE CRIM.PROC.ANN. art. 26.-13 (Vernon Supp.1987). At this time the defendant acknowledged that he was pleading guilty because he was guilty.

When the defendant's confession was offered into evidence, the defendant denied its truth and claimed that he had been coerced and threatened into giving the confession. The defendant further testified before the jury that he did not know the robbery was going to take place and that he had no idea that McKinney was coming to the hotel that night. He stated that the only reason he pleaded guilty was because he felt he had not done his duty as a security guard.

The prosecutor objected to the defendant's testimony and asked that it be stricken from the record. The court overruled the objection.

At the close of the evidence the court instructed the jury to find the defendant guilty and set his punishment. The jury

did find the defendant guilty and set the punishment at five years' confinement.

■ The rule in Texas is where a plea of guilty is entered in a felony case before a jury, and evidence is introduced which reasonably and fairly raises an issue as to the innocence of the accused, and the evidence is not withdrawn, the defendant's guilty plea must be withdrawn, and a plea of not guilty must be entered by the court on its own motion. The exculpating evidence must do more than merely tend to show a defensive issue. It must reasonably and fairly raise the issue. The totality of the circumstances of each case must be evaluated in light of its unique circumstances and the offense charged. *Griffin v. State,* 703 S.W.2d 193, 195–96 (Tex.Crim.App. 1986).

■ Though the trial judge may not have believed the testimony of the defendant under the circumstances, it was not the judge's duty to pass on credibility. It has long been the rule in our State that no one will be allowed to plead guilty in a felony case when any evidence is introduced which casts doubt on the actual guilt of the accused. *Lincoln v. State,* 560 S.W.2d 657 (Tex.Crim.App.1978). Since the defendant's equivocating testimony was not withdrawn, the trial judge should have withdrawn the defendant's plea of guilty and entered a plea of not guilty in his behalf.

The judgment of conviction is reversed, and the cause is remanded to the trial court.

BUTTS, Justice, dissenting.

I respectfully dissent. When a defendant has entered a guilty or nolo contendere plea before a jury, and evidence introduced makes evident the innocence of the accused or reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required, *sua sponte,* to withdraw the accused's guilty or nolo contendere plea and enter a not guilty plea for the accused. *Lincoln v. State,* 560 S.W.2d 657, 658 (Tex.Crim.App.1978); *Varela v. State,* 553 S.W.2d 111, 112 (Tex. Crim.App.1977).

The purpose behind the rule is to ascertain that guilty pleas are voluntarily and knowingly given. *Griffin v. State,* 703 S.W.2d 193, 197 (Tex.Crim.App.1986). This Court will review the trial court's action by examining the "totality of the circumstances" in each case. *Woodberry v. State,* 547 S.W.2d 629, 631 (Tex.Crim.App.1977).

In the present cases appellant's gun was identified as the one used in all three robberies. Appellant testified it was not used in the first robbery; however, he gave a written confession which was introduced in which he admitted his gun was used in the first robbery (the hotel). Appellant, Pat McKinney (pronounced at trial as either unstable or retarded), and two others allegedly committed three aggravated robberies within a period of two months. After the last occasion they were apprehended, and appellant, a college graduate who had worked as a security guard, entered his plea of guilty at a trial which combined for punishment purposes the three cases. He judicially confessed to all three aggravated robberies. The pattern of all three was the same: at approximately 12:40 a.m. three men would enter the business (hotel, 7–11 store, Circle K store) and McKinney would display the gun and ask for money. There was evidence the men entered together and left together at the two stores, while at the hotel appellant, as the security guard, was already on the premises.

During the defense testimony, appellant said that he plead guilty to the hotel robbery because he felt he had not done his duty as a security guard. The State objected:

If he is withdrawing his plea at this moment ... then they should do it, but he has been admonished of the consequences. He knows full well his guilty plea was entered. He signed all the stipulations after reading all of that ... [We want the testimony stricken] and him admonished of the consequences of what he's now doing.

DEFENSE COUNSEL: I think his testimony was *he wasn't withdrawing his plea of guilty, Your Honor. He was explaining* ... (Emphasis added)

In the robbery of the 7–11 store, appellant made a judicial confession. At the trial appellant stated that he did not pick up the cash tray as related by the complaining witness. He said that McKinney had the tray. The complaining witness said the three men, including appellant, entered the store as a group about 12:20 a.m., and they all left as a group. He told how appellant "watched" out the window.

I would hold appellant raised matters going to mitigation of punishment by his testimony. Given the opportunity to withdraw his pleas of guilty, appellant declined to do so. Before a court is required to withdraw the plea *sua sponte,* the evidence must do more than just tend to show a defensive issue. It must fairly and reasonably raise the issue of the innocence of the defendant. *See Reyna v. State,* 434 S.W.2d 362 (Tex.Crim.App.1968). Under the totality of the circumstances of these present cases, a series of three aggravated robberies in a two months' span, wherein the co-defendants acted as parties to the offenses, and evidence showed appellant's gun was used in all the robberies, the trial court was not obligated to withdraw the pleas *sua sponte,* based on appellant's testimony *explaining* his involvement. I would affirm the convictions in No. 04–85–00420–CR and 04–85–00421–CR. I respectfully dissent.

Ralph A. Lopez, Goldstein, Goldstein & Hiley, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., Sam Millsap, Jr., Former Dist. Atty., Michael Edwards, Edward Shaughnessy, III, San Antonio, for appellee.

