Noel Omar SAENZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-90-299-CR.

Court of Appeals of Texas,
Corpus Christi.

March 28, 1991.

Bill May, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and HINOJOSA and BENAVIDES, JJ.

## OPINION

HINOJOSA, Justice.

Appellant, Noel Omar Saenz, pleaded guilty before a jury to the offense of aggravated sexual assault of a child, a felony. *See* Tex.Penal Code Ann. § 22.021 (Vernon 1989). The jury assessed punishment at life in prison. By one point of error appellant complains that the trial court erred by failing to *sua sponte* withdraw his guilty plea.

The indictment charged that appellant intentionally or knowingly inserted his penis into the sexual organ of his daughter. The plea was entered and evidence was presented to determine punishment. The State waived opening argument, entered a prior conviction into evidence, and closed. The defense opened and put on evidence in an effort to have the jury assess a probated sentence. Appellant's counselor from the Family Counseling Center was the first witness. He testified that he thought that appellant should be placed on probation.

Appellant's wife testified to the same effect. The defense then called appellant as a witness. He requested probation.

During cross-examination of the defendant by the State, appellant testified that one night when he had been drinking he went into his daughter's room and "molested her." Specifically, he stated that he took his clothes off, took her panties off, and crawled in her bed on top of her. At that point he testified:

Q. All right. Then what did you do?
A. Then I tried to commit sex with her.
Q. Did she say anything?
A. She was saying, "What are you doing, Daddy." I was just—just kept doing it.
Q. She tried to fight you off, didn't she?
A. No, she would just say, "Why are you doing this to me?"
Q. She didn't know what you were doing?
A. I don't know if she did or not.
Q. Didn't she start to cry out?
A. Yes, she did.
Q. And put your hand over her mouth?
A. No, I didn't.
Q. What did you do to keep her from making noise?
A. I don't remember.
Q. Well, you didn't want her to make—
A. I guess I did put my hand over her mouth. I did.
Q. You put your hand over her mouth—
A. Yes.
Q. —when she tried to cry out?
A. Yes.
Q. Did you put your penis in her vagina?
A. As far as I know, I didn't. I tried, but I couldn't.
Q. What do you mean, you tried but you couldn't?
A. As far as I remember, I never penetrated her. I never penetrated my daughter.
Q. Mr. Saenz, is this the only time you had sex with your daughter?

A. I tried five times in a month's time.
Q. How many times?
A. Five.
Q. In how long a period?
A. In a month.
Q. In a month. Were they all in the same month?
A. Yes, sir.
Q. And you are saying that you never penetrated her?
A. As far as I can remember, I didn't.
Q. Did you ejaculate?
A. No, sir. I was too drunk to get a—an eruption (sic.).

After this testimony the State sought to admit rebuttal testimony from Dr. Barth, the doctor who examined the victim. The State argued that this testimony was necessary to prove penetration because appellant denied this element of the offense. Appellant's counsel argued that this testimony was prejudicial and was not relevant because of the guilty plea. The court admitted the medical testimony.

During closing arguments, the State argued for a stiff sentence because appellant failed to accept full responsibility for his crime by denying penetration. Appellant's counsel argued an alternative interpretation of the testimony: that appellant only denied penetration on one of the five encounters. The jury assessed punishment at life in prison.

If a defendant pleads guilty before a jury [1] of a felony, and evidence is introduced which reasonably and fairly raises a question of fact regarding his innocence, and such evidence is not withdrawn, the trial court must *sua sponte* withdraw the guilty plea. *Griffin v. State*, 703 S.W.2d 193, 195 (Tex.Crim.App.1986); *Montalvo v. State*, 572 S.W.2d 714, 715–16 (Tex. Crim.App.1978); *Lincoln v. State*, 560 S.W.2d 657, 658 (Tex.Crim.App.1978); *Leal v. State*, 730 S.W.2d 72, 74 (Tex.App.—Corpus Christi 1987, no pet.). Accordingly,

---

1. Guilty pleas entered before the trial court are subject to different rules. *See Fairfield v. State*, 610 S.W.2d 771, 778 n. 11 (Tex.Crim.App.1981). The trial court need not withdraw the guilty plea in such a case because the trial court, as trier of facts, may find the defendant guilty of a lesser offense, or not guilty despite the plea. *Moon v. State*, 572 S.W.2d 681, 682 (Tex.Crim. App.1978) (en banc) (on motion for rehearing).

our first inquiry is whether this testimony reasonably and fairly raised a fact issue regarding appellant's innocence.

■ The State appropriately concedes this issue in its brief where it states: "It would seem appellant's testimony raised the issue...." We agree. Appellant's testimony that he tried five times to have sex with his daughter but never penetrated her, if believed, would negate appellant's guilt as a matter of law. Thus, unless this testimony was withdrawn, the trial court was under a duty to withdraw the plea. *See Fairfield v. State,* 610 S.W.2d 771, 778 (Tex.Crim.App.1981). Even if appellant's testimony is interpreted not as a denial of penetration, but merely as a failure to remember, it would require the trial court to withdraw the guilty plea. *Fite v. State,* 290 S.W.2d 897, 899 (Tex.Crim.App.1956). In this connection it is significant that the State considered guilt or innocence an issue, and acted accordingly through the remainder of the trial by offering evidence of guilt. We hold that this testimony reasonably and fairly raised a fact question concerning appellant's innocence.

■ The significant question on appeal is whether this testimony was effectively withdrawn. In *Griffin,* the Court of Criminal Appeals stated that withdrawal may occur formally or informally. *Griffin,* 703 S.W.2d at 196. In this case the trial court did not formally withdraw the testimony and appellant did not withdraw or explain it; however, the State argues that this testimony was effectively withdrawn by appellant's counsel.

The record indicates that both attorneys attached different meanings to these statements. After appellant testified, the State sought to admit rebuttal medical testimony to establish penetration. Appellant's attorney argued that guilt was not an issue, and that the guilty plea stipulated to at least one penetration. Moreover, during closing arguments the State argued for a stiff sentence because appellant failed to accept full responsibility for his crime by denying penetration. Appellant's attorney argued that his client testified that there was no penetration only on the last episode, and that he was accepting responsibility for his actions.

Although both parties clearly ascribed different meanings to the testimony, it was not effectively withdrawn. Guilt or innocence remained an issue, even through closing arguments. Thus, unlike *Griffin* where the defendant personally withdrew and explained the testimony, appellant himself did not do so. *See Id.* 703 S.W.2d at 195 (when exculpatory evidence is produced by the defendant himself, it may be withdrawn by him and a plea of guilty may still be taken upon his own volition); *Norwood v. State,* 728 S.W.2d 59, 61 (Tex.App.—San Antonio 1987, pet ref'd). Since appellant did not personally withdraw or explain his testimony, and the lawyers for both sides argued about what it meant through closing arguments, the question of guilt or innocence was clearly raised and not effectively withdrawn from the jury's consideration. Under the circumstances present here the trial court was obligated to *sua sponte* withdraw the guilty plea. *See Montalvo,* 572 S.W.2d at 716; *Leal,* 730 S.W.2d at 74; *Norwood,* 728 S.W.2d at 61.

This opinion should not be misunderstood as standing for the proposition that in every case a defendant himself must withdraw exculpatory testimony as in *Griffin.* We can conceive of situations where counsel could withdraw the testimony. Our holding is simply that counsel's acts did not effectively withdraw the testimony here. We therefore REVERSE and REMAND the cause to the trial court.