Hall-HL v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-128-CR

     HARVEY LEE HALL, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 3
Dallas County, Texas
Trial Court # F94-39914-WJ
                                                                                                    

O P I N I O N
                                                                                                    

      Harvey Hall entered into an "open-plea" agreement whereby he pled guilty to the offense of
aggravated robbery. See Tex. Penal Code Ann. § 29.03 (Vernon 1994). After a hearing, the
court assessed twenty years in prison and a fine of $1,000. See id. § 12.32 (Vernon 1994). Hall
filed a motion for new trial, asserting that "the verdict is contrary to the law and the evidence."


 
The motion was overruled by operation of law, and he gave notice of appeal.
      Hall's sole point of error is: "The appellant's guilty plea was not made knowingly and
voluntarily." The argument under the point asserts only that the court erred in not withdrawing
Hall's plea and entering a plea of not guilty on his behalf, after he testified that he did not know
that a passenger in his car was going to commit the robbery, did not know that the passenger had
a gun until after the robbery, and did not participate in the robbery. He relies on Norwood v.
State, which states:
The rule in Texas is where a plea of guilty is entered in a felony case before a jury, and
evidence is introduced which reasonably and fairly raises an issue as to the innocence of the
accused, and the evidence is not withdrawn, the defendant's guilty plea must be withdrawn,
and a plea of not guilty must be entered by the court on its own motion. The exculpating
evidence must do more than merely tend to show a defensive issue. It must reasonably and
fairly raise the issue. The totality of the circumstances of each case must be evaluated in light
of its unique circumstances and the offense charged. Griffin v. State, 703 S.W.2d 193,
195-96 (Tex.Crim.App.1986).
 
Though the trial judge may not have believed the testimony of the defendant under the
circumstances, it was not the judge's duty to pass on credibility. It has long been the rule in
our State that no one will be allowed to plead guilty in a felony case when any evidence is
introduced which casts doubt on the actual guilt of the accused. Lincoln v. State, 560 S.W.2d
657 (Tex.Crim.App.1978). Since the defendant's equivocating testimony was not withdrawn,
the trial judge should have withdrawn the defendant's plea of guilty and entered a plea of not
guilty in his behalf.
Norwood v. State, 728 S.W.2d 62, 63 (Tex. App.—San Antonio 1987, pet. ref'd). 
      The records shows that, after the court admonished Hall about the penalty range, his right to
a trial by jury, and other matters, Hall pled guilty. The State offered and the court admitted into
evidence Hall's judicial confession and a stipulation of evidence.


 Hall's attorney questioned him
about his understanding of the law of parties, then asked:
Q. And you have decided to enter a plea of guilty to being a party to this offense, just as
it's charged; is that correct?
 
A. Yes, sir.
After ascertaining whether the court desired to hear punishment evidence at that time, counsel
asked Hall to "explain to the judge briefly your version of the facts and what happened that day
and why you were in the car." Hall said that he was driving a person named Callins to pick up
a paycheck. As they returned, Callins said that he wanted to stop to talk to "some old home boys
from my old neighborhood." Hall stopped, let Callins out in a parking lot, and came back two
or three minutes later to pick him up. He saw a gun and coat in Callins' hands. He left, but came
back and picked Callins up. Although he said earlier and later in his testimony that he did not
know Callins was going to commit a robbery, he also said, "Well, I knew it had occurred but I
didn't know that he had shot him." The court found Hall guilty and assessed his punishment.
      The State points out that Norwood applies to jury trials and not to trials before the court after
a guilty plea; thus, it says Hall's reliance on Norwood is misplaced. Citing Moon v. State and
Thomas v. State, the State urges that no reason exists for the court to withdraw a plea and enter
a not-guilty plea because the court, after hearing the evidence, can find a defendant guilty of a
lesser-included offense or find him not guilty. See Thomas v. State, 599 S.W.2d 823, 824 (Tex.
Crim. App. [Panel Op.] 1980); Sommer v. State, 574 S.W.2d 548, 549 (Tex. Crim. App. 1978);
Moon v. State, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978).
      Thomas and Sommer, following Moon, hold that a trial court is no longer required to sua
sponte withdraw a plea of guilty and enter a plea of not guilty in a hearing before the court, even
when evidence is adduced that might reasonably and fairly raise an issue of fact as to the guilt of
the defendant. Id. "The trial judge as the trier of facts may without withdrawing the plea decide
the issue either finding the defendant not guilty or guilty as he believes the facts require." 
Thomas, 599 S.W.2d at 824. Thus, "there is a distinction between guilty pleas entered before a
jury and those entered before the trial court sitting without a jury." Hernandez v. State, 885
S.W.2d 597, 602 (Tex. App.—El Paso 1994, no pet.) (citing Moon).
      The court was not required to withdraw Hall's plea of guilty; it could have found him not
guilty or, as it did, guilty. See Thomas, 599 S.W.2d at 824. Because the court acted within its
authority, we overrule Hall's point and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 5, 1995
Do not publish