Gomez v. SOT









NUMBER 13-02-00512-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

MOISES GOMEZ, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 319th District Court of Nueces County, Texas.


 

MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Hinojosa



 Appellant, Moises Gomez, was indicted for the first degree felony offense of aggravated robbery. (1) Without a plea
agreement, appellant waived a jury and entered a plea of nolo contendere. The trial court found him guilty and assessed his
punishment at five years imprisonment. The trial court also made an affirmative finding that a deadly weapon, a knife, had
been used in the commission of the offense. In two issues, appellant contends his plea was involuntary and that he received
ineffective assistance of counsel. We affirm.

A. Plea of Nolo Contendere

 In his first issue, appellant contends his plea was involuntary because his trial counsel "badgered" him into pleading nolo
contendere in spite of his "continued protestations of innocence." Specifically, appellant asserts the trial court erred in not
rejecting his plea of nolo contendere when he proclaimed his innocence on the use of a deadly weapon.

 When the record shows that the trial court properly admonished the appellant, the record presents a prima facie showing
that the plea entered was entered knowingly and voluntarily. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998). In addition, the burden shifts to appellant to show that his plea was not voluntary. Id. Once an accused testifies that
he understands the nature of the plea and that the plea is voluntary, he has a heavy burden on appeal to prove the
involuntariness of his plea. Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.-Houston [1st Dist.] 1996, no pet.).

 If a defendant pleads guilty to a felony before a jury, and evidence is introduced which reasonably and fairly raises a
question of fact regarding his innocence, and such evidence is not withdrawn, the trial court must sua sponte withdraw the
guilty plea. Griffin v. State, 703 S.W.2d 193, 195 (Tex. Crim. App. 1986); Saenz v. State, 807 S.W.2d 10, 11 (Tex.
App.-Corpus Christi 1991, no pet.).

 However, if a defendant's plea of guilty or nolo contendere is to the court, not a jury, the trial court has no obligation to sua
sponte withdraw the plea, even if evidence is presented which makes evident the innocence of the defendant or reasonably
and fairly raises an issue thereto. Thomas v. State, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980);Moon v. State, 572
S.W.2d 681, 682 (Tex. Crim. App. 1978). The trial court need not withdraw the plea in such a case because, as the trier of
the facts, it is the duty of the trial court to consider the evidence submitted and, based on such evidence, find the defendant
guilty, guilty of a lesser included offense, or not guilty. Thomas, 599 S.W.2d at 824; Saenz, 807 S.W.2d at 11 n.1. Under
Texas law, if a jury trial has been waived, a defendant shall not be convicted of a felony offense upon his plea without
sufficient evidence to support the same. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2003); Young v. State, 8
S.W.3d 656, 660-61 (Tex. Crim. App. 2000). The State has the burden to prove the offense by introducing sufficient
evidence to support the conviction. Young, 8 S.W.3d at 661 n.9. Since the trial court, as the trier of fact, is already under a
duty to review and weigh the evidence submitted, it would serve no valid purpose for the trial court to sua sponte withdraw
the plea of guilty or nolo contendere. Moon, 572 S.W.2d at 682.

 The trial court, as the exclusive judge of the credibility of appellant's testimony, could accept or reject any part, or all of it. 
See Sawyer v. State, 778 S.W.2d 541, 544 (Tex. App.-Corpus Christi 1989, pet. ref'd). If the trial court was convinced by
appellant's testimony that he did not use a deadly weapon, it could have found that he did not use a deadly weapon in
committing the offense. 

 The record shows that after being admonished by the court, appellant told the court that his attorney had explained the
consequences of entering a no contest plea without an agreement on punishment. Appellant's judicial confession provides,
"I am pleading guilty to the offense of AGGRAVATED ROBBERY because I am guilty. My plea is freely, voluntarily,
knowingly, and intelligently given." We find no evidence in the record that appellant's plea of nolo contendere was not
voluntarily given.

 In light of the evidence presented, appellant's plea of nolo contendere, and his judicial confession, we hold that the trial
court did not commit error in not withdrawing appellant's plea of nolo contendere sua sponte. Appellant's first issue is
overruled. 

B. INEFFECTIVE ASSISTANCE OF COUNSEL 

 In his second issue, appellant contends he received ineffective assistance of counsel during trial.

 Our review of counsel's performance must be highly deferential. Strickland v. Washington, 466 U.S. 668, 689 (1984). 
The burden of proving ineffective assistance of counsel is on the appellant and is one which requires proof by a
preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991); Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985); Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). An allegation of
ineffective assistance of counsel will be sustained only if it is firmly founded and if the record affirmatively demonstrates
counsel's alleged ineffectiveness. Ex parte McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App. 1980). Effective
assistance of counsel is gauged by the totality of the representation from the pretrial representation of the accused through
the punishment stage of the trial. Ex parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989). Thus, the trial as a
whole must be reviewed and not isolated incidents of counsel's performance. Cannon, 668 S.W.2d at 403. The standard of
review for ineffective assistance of counsel is the same for all phases of the trial. See Hernandez v. State, 988 S.W.2d 770,
772 (Tex. Crim. App. 1999) (Strickland standard is standard for all ineffective assistance of counsel claims).

 A defendant seeking relief must demonstrate: (1) that counsel's performance failed to constitute reasonably effective
assistance by falling below an objective standard of reasonableness under the prevailing professional norms; and (2) that
there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694; Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). A "reasonable
probability" is defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at
687-88; Bone, 77 S.W.3d at 832.

 We begin our analysis with a rebuttable presumption that counsel is better positioned than the appellate court to judge the
pragmatism of the particular case and that he made all significant decisions in the exercise of reasonable professional
judgment. Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The presumption may be rebutted by evidence of
counsel's reasoning or lack thereof. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In the absence of
evidence of counsel's reasons for the challenged conduct, the appellate court will assume a strategic motivation and will not
conclude that the conduct was deficient unless the conduct was so outrageous that no competent attorney would have
engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); see Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999). Generally, performance of counsel cannot be adequately examined based on a trial court record. 
Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd). The court of criminal appeals recently
stated:

As we have said repeatedly, appellate courts can rarely decide the issue of unreasonable performance because the appellate
record rarely speaks to the strategic reasons that counsel may have considered. For example, we recently decided that an
appellate record did not show that counsel rendered ineffective assistance by failing to ask for withdrawal of a guilty plea
when the defendant's testimony was inconsistent with guilt, or by failing to take other actions, since each of these decisions
could have been a reasonable strategy. The proper procedure for raising such a claim is almost always habeas corpus. 



Aldrich v. State, No. 2066-01, slip op. at 6, 2003 Tex. Crim. App. LEXIS 85, at *16 (Tex. Crim. App. May 14, 2003)
(internal citations omitted). Finally, an appellant's failure to satisfy one prong of the Strickland test negates a court's need
to consider the other prong. Strickland, 466 U.S. at 697; Garcia, 57 S.W.3d at 440. 

 In the instant case, we find no evidence rebutting the presumption that appellant's trial counsel made all significant
decisions in the exercise of reasonable professional judgment. The record shows appellant informed the trial court that his
attorney had explained the consequences of entering a no contest plea with no agreement on punishment. Appellant signed
a judicial confession stipulating that: (1) his attorney had investigated the facts and circumstances of the case, discussed
those facts and circumstances with him, and advised him of possible defenses; (2) he was fully satisfied with his attorney's
representation; and (3) he was entering his plea freely, voluntarily, and knowingly. 

 We hold appellant has failed to meet his burden of proving by a preponderance of the evidence that his trial counsel was
ineffective. Accordingly, we overrule appellant's second issue.

 The judgment of the trial court is affirmed. 



FEDERICO G. HINOJOSA

Justice


Do not publish. See Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

10th day of July, 2003.

1. A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of
property, he knowingly or intentionally threatens or places another in fear of imminent bodily injury or death. Tex. Pen.
Code Ann. §29.02(a)(2) (Vernon 2003). A person commits aggravated robbery if he uses or exhibits a deadly weapon in the
course of a robbery. Tex. Pen. Code Ann. §29.03(a)(2) (Vernon 2003).