Hodges v. SOY











NUMBERS 13-01-00102-CR

 13-01-00104-CR



COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

ROBERT STAPLETON HODGES, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 197th District Court of Cameron County, Texas.


 

O P I N I O N



Before Justices Hinojosa, Castillo, and Dorsey (1)

Opinion by Justice Hinojosa


 Without a plea agreement, appellant, Robert Stapleton Hodges, pleaded nolo contendere in cause number
13-01-00104-CR (2) to one count of aggravated sexual assault of a child (3) and one count of indecency with a
child. (4) The trial court found him guilty of both offenses, assessed his punishment at twenty-five years'
imprisonment for the aggravated sexual assault charge and ten years imprisonment for the indecency charge,
and ordered that the ten-year sentence be served consecutively after he served the twenty-five year sentence. 
Without a plea agreement, appellant pleaded nolo contendere in cause number 13-01-00102-CR (5) to one
count of indecency with a child. The trial court found him guilty of this offense, assessed his punishment at
ten years' imprisonment, and ordered that this sentence run concurrently with the sentences in cause number
13-01-00104-CR. The trial court has certified that these cases are not plea-bargain cases and "the defendant
has the right of appeal." See Tex. R. App. P. 25.2(a)(2). 

 In seven issues, appellant contends: (1) he did not receive effective assistance of counsel during trial; (2) the
trial court erred in overruling his motion for new trial; (3) the trial court erred in accepting his pleas of nolo
contendere; (4) the trial court erred in overruling his motion to suppress; (5) the trial court erred by admitting
evidence of an unadjudicated offense during the punishment phase of trial; (6) the trial court's cumulation
order is void; and (7) appellant's absence from voir dire was fundamental error. We affirm in part, and reverse
and remand in part.

A. Procedural History


 In cause number 13-01-00104-CR, appellant was charged by indictment with one count of aggravated sexual
assault of a child and one count of indecency with a child. By separate indictment, in cause number
13-01-00102-CR, appellant was charged with two counts of aggravated sexual assault of a child and three
counts of indecency with a child. The indictments alleged the offenses were committed against four different
children.

 Appellant initially pleaded not guilty to both indictments, and both cases were set for trial before a jury. A
jury was later chosen, and both cases were tried together. At the close of the evidence in the guilt/innocence
phase of the trial, without a plea agreement, appellant waived the jury and changed his plea to nolo contendere
in both cases. The trial court admonished appellant, both orally and in writing, regarding whether his pleas
were voluntarily and understandingly made. After determining that appellant's pleas were voluntarily made,
the trial court accepted the pleas. (6)

B. Sixth Amendment Right to Counsel


 In his first issue, appellant contends he did not receive effective assistance of counsel because his counsel was
involuntarily absent during the punishment phase of his trial.

 The Sixth Amendment to the United States Constitution guarantees that "in all criminal prosecutions, the
accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const., amend. VI. 
The Sixth Amendment right to counsel has long been held to mean the right to the effective assistance of
counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970). Normally, to establish ineffective assistance of
counsel a defendant must prove counsel's performance was deficient and this deficiency was prejudicial. 
Strickland v. Washington, 466 U.S. 668, 687 (1984). However, in certain Sixth Amendment contexts,
prejudice is presumed. "Actual or constructive denial of the assistance of counsel altogether is legally
presumed to result in prejudice." Id. at 692. 

 The Supreme Court "has uniformly found constitutional error without any showing of prejudice when counsel
was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." 
United States v. Cronic, 466 U.S. 648, 659 n.25 (1984); see, e.g., Burdine v. Johnson, 262 F.3d 336, 345 (5th
Cir. 2001) (sleeping counsel is equivalent to no counsel). Thus, when an appellant can establish that defense
counsel was not merely incompetent but inert, Strickland prejudice will be presumed. Childress v. Johnson,
103 F.3d 1221, 1228 (5th Cir. 1997).

 Absent waiver, the right to counsel automatically becomes effective at the inception of adversarial judicial
criminal proceedings and must be implemented by the State at every critical stage of those proceedings. 
Fuller v. State, 829 S.W.2d 191, 205 (Tex. Crim. App. 1992). Determining whether a particular proceeding is
a "critical stage" generally turns on an assessment of the usefulness of counsel to the accused at that particular
proceeding. Upton v. State, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993). The Supreme Court has
interpreted "critical stage" to mean any stage of a criminal proceeding where substantial rights of a criminal
defendant may be affected. Mempa v. Rhay, 389 U.S. 128, 134 (1967). Absent a knowing and intelligent
waiver by the accused, the trial court may not require a defendant to "stand alone against the State." United
States v. Wade, 388 U.S. 218, 226 (1967).

 Here, appellant's counsel was involuntarily absent from a portion of the testimony of Thomas Marin, a
Nevada detective who testified during the punishment phase of the trial regarding the events of a prior
extraneous offense committed by appellant. Marin testified that the prior case was originally filed as a felony,
but appellant later pleaded guilty to a misdemeanor. Defense counsel's absence prevented effective
cross-examination of the adverse witness.

 Because the trial court had considerable discretion in sentencing appellant, defense counsel's usefulness to the
accused in effectively cross-examining the adverse witness was tantamount to protecting the reliability of the
punishment proceeding. The right to the assistance of counsel ensures a criminal defendant the opportunity to
participate fully and fairly in the adversarial fact-finding process. Herring v. New York, 422 U.S. 853, 858
(1975).

 The court of criminal appeals has held that a criminal defendant is entitled to the assistance of counsel at
sentencing because sentencing is a "stage of a criminal proceeding where substantial rights may be affected." 
Ex parte Vestal, 468 S.W.2d 372, 373 (Tex. Crim. App. 1971). We conclude that the direct testimony of an
adverse witness during the punishment phase of a criminal trial is a critical stage of the trial, entitling the
defendant to the presence of defense counsel. Accordingly, because appellant temporarily had no attorney
present during a critical stage of his criminal proceeding, we conclude he was denied the effective assistance of
counsel.

 However, this conclusion does not end our inquiry. We must next consider whether the attorney's temporary
absence during the taking of testimony was harmful error. SeeTex. R. App. P. 44.2(a); (7) Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997) (Except for certain Federal constitutional errors labeled structural
by the Supreme Court, no error is categorically immune to a harmless error analysis.).

 Here, the trial court had discretion to sentence appellant to a wide range of punishment. Such considerable
discretion mandated the assistance of counsel during the punishment phase of the trial. Because appellant was
unable to effectively cross-examine an adverse witness, and the trial court sentenced appellant to more than
the minimum punishment available, we hold that the absence of defense counsel, however temporary, during
the presentation of extraneous offense evidence was a sufficient breakdown of the adversarial process that it
rendered the punishment hearing unreliable.

 Thus, on these facts, we cannot conclude beyond a reasonable doubt that the temporary denial of the effective
assistance of counsel at the punishment phase of the trial did not harm appellant by contributing to his
punishment. Appellant's first issue is sustained.

 However, the temporary absence of counsel during the punishment phase of trial does not invalidate the
judgment of guilt. The proper remedy is to remand for a new punishment hearing. See Tex. Code Crim. Proc.
Ann. art. 44.29(b) (Vernon Supp. 2003);Rent v. State, 982 S.W.2d 382, 385 (Tex. Crim. App. 1998).

C. Defendant's Pleas of Nolo Contendere


 By his third issue, appellant contends the trial court erred in accepting his pleas of nolo contendere despite his
repeated denial of the charges.

 If a defendant pleads guilty to a felony, before a jury, and evidence is introduced which reasonably and fairly
raises a question of fact regarding his innocence, and such evidence is not withdrawn, the trial court must sua
sponte withdraw the guilty plea. Griffin v. State, 703 S.W.2d 193, 195 (Tex. Crim. App. 1986); Saenz v.
State, 807 S.W.2d 10, 11 (Tex. App.-Corpus Christi 1991, no pet.).

 However, if a defendant's plea of guilty or nolo contendere is to the court, not a jury, the trial court has no
obligation to sua sponte withdraw the plea, even if evidence is presented which makes evident the innocence
of the defendant or reasonably and fairly raises an issue thereto. Thomas v. State, 599 S.W.2d 823, 824 (Tex.
Crim. App. 1980);Moon v. State, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978). The trial court need not
withdraw the plea in such a case because, as the trier of the facts, it is the duty of the trial court to consider
the evidence submitted and, based on such evidence, find the defendant guilty, guilty of a lesser included
offense, or not guilty. Thomas, 599 S.W.2d at 824;Saenz, 807 S.W.2d at 11 n.1. Under Texas law, if a jury
has been waived, a defendant shall not be convicted of a felony offense upon his plea without sufficient
evidence to support the same. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2003); Young v. State, 8
S.W.3d 656, 660-61 (Tex. Crim. App. 2000). The State has the burden to prove the offense by introducing
sufficient evidence to support the conviction. Young, 8 S.W.3d at 661 n.9. Since the trial court, as the trier of
fact, is already under a duty to review and weigh the evidence submitted, it would serve no valid purpose for
the trial court to sua sponte withdraw the plea of guilty or nolo contendere. Moon, 572 S.W.2d at 682.

 Here, at the close of all evidence in the guilt/innocence phase of the trial and in the absence of the jury,
appellant withdrew his pleas of not guilty. He then waived his right to trial by jury and entered pleas of nolo
contendere to the trial court. The trial court orally admonished appellant in accordance with article 26.13 of
the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2003). 
Thereafter, the trial court considered all the evidence it heard during the trial and found appellant guilty of one
count of aggravated sexual assault of a child and two counts of indecency with a child. During the punishment
phase of the trial, appellant, on cross examination, repeatedly denied committing the acts alleged in the
indictments. Thereafter, appellant expressly stated that he was not asking the trial court to allow him to
withdraw his pleas of nolo contendere.

 The trial court, as the exclusive judge of the credibility of appellant's testimony, could accept or reject any
part, or all of it. See Sawyer v. State, 778 S.W.2d 541, 544 (Tex. App.-Corpus Christi 1989, pet. ref'd). If the
trial court, as fact finder, believed that appellant's repeated denials on cross examination raised a fact issue
concerning his innocence, the court could have found him not guilty. 

 In light of all the evidence before the trial court and appellant's pleas of nolo contendere, we cannot say that
the court abused its discretion in accepting appellant's pleas, despite his testimony denying the allegations in
the indictments. Appellant's third issue is overruled.

D. Motion to Suppress


 In his fourth issue, appellant complains that the trial court abused its discretion in denying his motion to
suppress. Specifically, appellant asserts the search warrant's supporting affidavit fails to allege sufficient facts
to establish probable cause.

 A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999); Chavero v. State, 36 S.W.3d 688, 697 (Tex. App.-Corpus Christi
2001, no pet.). A motion to suppress evidence is nothing more than a specialized objection to the admissibility
of evidence. Galitz v. State, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981); Wilson v. State, 857 S.W.2d
90, 94 (Tex. App.-Corpus Christi 1993, pet. ref'd). To preserve error, a request, objection, or motion must
state the grounds of the complaint with sufficient specificity to make the trial court aware of the complaint. 
Tex. R. App. P. 33.1(a). If the objection made in the trial court differs from the complaint made on appeal, a
defendant has not preserved any error for review. Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App.
1986).

 On appeal, appellant contends that probable cause is lacking because the search warrant's supporting affidavit,
based on information gained from interviewing the victims and other relevant witnesses, fails to establish the
informants' credibility and basis of knowledge. In his motion to suppress, appellant argued that a closed
briefcase, seized during his arrest, was illegally searched without a warrant and that illegally obtained
information found in the briefcase was later used to secure the search warrant. The motion did not specifically
address a lack of probable cause in the search warrant's supporting affidavit. Therefore, appellant's motion to
suppress did not make the trial court aware of his complaint concerning the supporting affidavit.

 Because the objection appellant made in the trial court differs from the complaint he now makes on appeal,
we conclude appellant has waived this complaint. See Thomas, 723 S.W.2d at 700. Appellant's fourth issue is
overruled.

E. Appellant's Absence During Voir Dire


 In his seventh issue, appellant complains that his temporary absence from voir dire violated his rights under
the Sixth Amendment to the United States Constitution, Article 10 of the Texas Constitution, and article
33.03 of the Texas Code of Criminal Procedure. Appellant asserts that proceeding with voir dire in his absence
amounts to fundamental error. The State argues that error, if any, was waived by appellant's subsequent pleas
of nolo contendere.

 Article 33.03 of the Texas Code of Criminal Procedure requires that in all prosecutions for felonies, the
accused must be personally present at trial, except when the accused voluntarily absents himself after pleading
to the indictment or information, or after the jury has been selected. See Tex. Code Crim. Proc. Ann. art.
33.03 (Vernon 1989);Adanandus v. State, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993). The right is entailed
within a defendant's right to confront witnesses against him under the United States and Texas Constitutions. 
Miller v. State, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985); see alsoU.S. Const. amend. VI; Tex. Const. art.
I, § 10. This right to be present until the jury has been selected cannot be waived. Miller, 692 S.W.2d at 91;
Tracy v. State, 14 S.W.3d 820, 826 (Tex. App.-Dallas 2000, pet. ref'd). In cases of error under article 33.03,
the court must determine whether the presence of appellant bears a reasonably substantial relationship to the
opportunity to defend. Bath v. State, 951 S.W.2d 11, 22 (Tex. App.-Corpus Christi 1997, pet. ref'd).

 In this case, the right affected is the right of appellant to be present during all of voir dire in order to assist
defense counsel in the exercise of peremptory challenges. Although present at the beginning of voir dire,
appellant was involuntarily absent during the exercise of peremptory challenges. At the time, appellant was in
a holding cell, in the State's custody. Accordingly, we hold it was statutory and constitutional error for the
trial court to proceed with voir dire in appellant's absence. Jasper v. State, 61 S.W.3d 413, 423 (Tex. Crim.
App. 2001); see also Bath, 951 S.W.2d at 22; Bledsoe v. State, 936 S.W.2d 350, 351 (Tex. App.-El Paso
1996, no pet.).

 However, a defendant who voluntarily and understandingly enters a plea of guilty waives all nonjurisdictional
defects, including claimed deprivation of due process rights, where the resulting judgment of conviction was
independent of, and was not supported by, the error. Young, 8 S.W.3d at 666-67; Dorsey v. State, 55 S.W.3d
227, 234 (Tex. App.-Corpus Christi 2001, no pet.).

 Here, because appellant waived his right to trial by jury and voluntarily pleaded nolo contendere before the
trial court, his conviction is independent of any error occurring during voir dire. See Young, 8 S.W.3d at
666-67; Dorsey, 55 S.W.3d at 234. Further, at no time did appellant voice a concern about his absence from
voir dire or show any reluctance about his decision to plead nolo contendere before he did so. He listened to
the trial court's thorough explanation of the consequences of his pleas and repeatedly affirmed his decision to
plead nolo contendere. Thus, any error occurring during voir dire, was not preserved for our review. 
Appellant's seventh issue is overruled.

 In light of our disposition, it is not necessary to address appellant's remaining issues. See Tex. R. App. P.
47.1.

 In cause number 13-01-00102-CR, we affirm the trial court's judgment finding appellant guilty of one count
of indecency with a child, reverse the judgment as to punishment only, and remand the case to the trial court
for a new punishment hearing.

 In cause number 13-01-00104-CR, we affirm the trial court's judgment finding appellant guilty of one count
of aggravated sexual assault of a child and one count of indecency with a child, reverse the judgment as to
punishment only, and remand the case to the trial court for a new punishment hearing.





FEDERICO G. HINOJOSA

Justice





Publish. See Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

14th day of August, 2003.









 

1. Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, was assigned
to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003
(Vernon 1998) to "complete the adjudication of any and all causes assigned to a panel of which [he was] a
member" prior to his retirement.

2. Trial court cause number 2000-CR-329-C.

3. See Tex. Pen. Code Ann. § 22.021(a)(1)(B) (Vernon 2003).

4. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003).

5. Trial court cause number 2000-CR-859-C.

6. At the time of the pleas, the State decided to unadjudicate the remaining two counts of aggravated sexual
assault of a child and two counts of indecency with a child; all four counts pertained to the same child.

7. We agree with the Eleventh Circuit's analysis in Vines v. United States, 28 F.3d 1123 (11th Cir. 1994), that
a temporary absence is not such a defect as to prevent a court from pursuing the issue of harmless error. In
arriving at this conclusion, the Eleventh Circuit reasoned that "[w]hile trial counsel may exercise poor
judgment in absenting himself or herself from a portion of a trial, such flawed judgment does not necessarily
infect the entire trial." Vines, 28 F.3d at 1129.