

NUMBER 13-12-00158-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TIMOTHY DANIEL HERNANDEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

**On appeal from the County Court at Law No. 2
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria
Memorandum Opinion by Justice Longoria**

In one issue, appellant, Timothy Hernandez, appeals his conviction, judgment, and sentence for theft of stolen property greater than $50 but less than $500, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 31.03(e)(2)(A)(i) (West Supp. 2012). Appellant claims his plea of guilty was invalid. We affirm.

## I. BACKGROUND

Appellant was charged with misdemeanor theft. *See id.* Appellant signed and filed a Waiver of Rights and Entry of Plea of Guilty with the trial court. Appellant represented in that document that he "understood the admonishments by the court and is aware of the consequences of his plea and that he desires to make immediate disposition of this case . . . by entering his plea of guilty." Appellant's plea was not entered pursuant to a plea bargain. The trial court found appellant guilty and appellant timely filed his notice of appeal.

## II. ANALYSIS

### A. Applicable Law

A defendant who pleads guilty without the benefit of a plea bargain may raise claims of error occurring at or after entry of a guilty plea. *Jack v. State*, 871 S.W.2d 741, 742 (Tex. Crim. App. 1994). The defendant bears the burden to show the plea was involuntary on the face of the record. *Alvear v. State*, 25 S.W.3d 241, 244 (Tex. App.—San Antonio 2000, no pet.).

The Texas Code of Criminal Procedure states that "no plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2012). However, the requirements of article 26.13 apply only to felony cases and not misdemeanor offenses. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003). Article 27.14 applies to misdemeanor offenses and provides for competency and the voluntariness of a guilty plea only when the offense involves family violence. The court must provide oral or written admonishments under

article 27.14(e)(1), but only when the offense involves family violence. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 27.14 (West Supp. 2012).

**B. Discussion**

Appellant argues that his plea of guilty was invalid or void under both state and federal law. Under state law, appellant first argues that the court violated article 26.13(b) of the Texas Code of Criminal Procedure because the record is silent as to any inquiry by the trial court that appellant was competent. *Id.* at art. 26.13(b). Appellant also argues that the record does not affirmatively show that he entered his plea knowingly and voluntarily because the trial court failed to inquire whether appellant read or understood the admonishments and the charges against him and generally failed to admonish appellant of his constitutional rights.

We note first that article 26.13(b) does not apply to misdemeanor offenses. *See Gutierrez*, 108 S.W.3d at 309. The court must provide oral or written admonishment for misdemeanor offenses but only when the offense involves family violence. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 27.14(e) (West Supp. 2012). Here, the charge involved theft. Therefore, neither article 26.13(b) nor article 27.14(e) applies.

In any event, the court is not required to make a specific inquiry regarding a defendant's competence unless that issue is raised at the time of the plea. *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976). Furthermore, in Texas all persons are presumed to be competent unless proven otherwise by preponderance of the evidence. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 46B.003(b) (West Supp. 2012). "A trial judge need not perform a competency inquiry unless evidence is presented that raises a bona fide doubt regarding defendant's present ability to consult with his lawyer with a

3

reasonable degree of rational understanding or his rational as well as factual understanding of the proceedings against him." *McDaniel v. State*, 98 S.W.3d 704, 704 (Tex. Crim. App. 2006). The trial court heard this case simultaneously with a companion case. In that case, the trial court had an opportunity to determine appellant was competent but did not see a reason for doing so.[1] Because appellant did not raise the issue of his competence either by motion or during the plea hearing and there was no indication from the record that appellant was incompetent, the court was not required to inquire into appellant's competency.

Appellant further argues that his plea was involuntary because a plea is voluntary only if it is entered with full knowledge of the direct consequences of the plea and is not induced by threats, misrepresentation, or by otherwise improper promises. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Brady v. U.S.*, 397 U.S. 742, 755 (1970)). However, if the defendant pleads guilty to the offense charged, all of the required elements of the offense are correctly stated in the indictment, and the record shows that the indictment was read to the defendant, then the defendant is presumed to have had real notice of the charge against him. *Lincoln v. State*, 560 S.W.2d 657, 659 (Tex. Crim. App. 1978). A plea is intelligently made when "appellant was advised by competent counsel, appellant was aware of the nature of the charges against him, and if nothing indicates he might be incompetent or otherwise not in control of mental faculties." *Brady*, 397 U.S. at 756. In this case, appellant was represented by counsel. Appellant signed a document stating that appellant "understood the admonishments by the court and is aware of the consequences of his plea and that he desires to make

---

[1] In cause no. 13-12-157-CR, appellant's counsel filed an *Anders* brief. We will dispose of that case in a separate opinion under the same heading.

4

immediate disposition of this case . . . by entering his plea of guilty." His attorney submitted a signed attorney's certificate stating that he had read or explained the court's written admonishment to appellant, that appellant was fully aware of consequences of his plea, and that he understood the written admonishments of the court. *See id.* The record also shows appellant was informed of the punishment range he was facing and of the rights he was giving up by pleading guilty. Based on the record, we conclude that appellant was aware of the direct consequences of his guilty plea and of the nature of the rights and protections he was waiving by entering the plea.

Finally, appellant relies on *Henderson v. Morgan* for the proposition that his plea was not voluntary or intelligent under the federal constitution. 426 U.S. 637, 647 (1976) *Henderson* is distinguishable because appellant's defense counsel in that case did not advise his client of the charges against him before the appellant pleaded guilty. *Id.* at 637. In this case, as we have already explained, appellant was represented by counsel, was advised in writing by the trial court of the nature of the charges he was facing, and both appellant and his attorney signed a waiver of appellant's rights that established he understood the admonishments and was aware of the consequences of his plea.[2] We conclude from this that appellant's plea was voluntarily and intelligently made.

Appellant's sole issue is overruled.

---

[2] Appellant also cites generally to *Boykin v. Alabama*, *See* 395 U.S. 238, 238 (1969), but does not specify what he believes that case requires in this instance. *See* Tex. R. App. P. 38.1(i).

5

## III. Conclusion

We affirm the trial court's judgment.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2013.