**Curtis Ray GOODIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–695–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 11, 1987.

Charles F. Baird, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, James R. Buchanan, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

Appellant pled guilty to the court to the offense of burglary of a habitation. The trial court deferred an adjudication of guilt and placed appellant on probation for five years and assessed a fine of $500. Five months later, the state filed a motion to adjudicate appellant's guilt based on his alleged commission of another burglary of a habitation. The trial court found appellant guilty and punishment was assessed at thirty years confinement. In three points of error appellant complains that he entered an involuntary plea, that the trial court failed to personally admonish him at the time of his plea pursuant to Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon Supp. 1987), and that he was denied effective assistance of counsel. We affirm.

In his first point of error appellant complains that the trial court erred in accepting his plea of guilty because it was not voluntarily entered. During the course of the plea the following exchange occurred:

THE COURT: Mr. Goode, you understand that since the Court is assessing punishment in this case and there's not a recommendation, I believe it's your desire that you wanted any finding of guilt or innocence deferred in your case?

THE DEFENDANT: Yes, sir.

THE COURT: Now, I take you never before been convicted of—

THE DEFENDANT: True.

THE COURT: But has your lawyer explained to you the severe trap that you are setting for yourself if I do give you deferred adjudication—

THE DEFENDANT: Yes.

THE COURT: How is that? How do you figure you might be setting a trap?

THE DEFENDANT: I know I'm innocent.

THE COURT: Sir?

THE DEFENDANT: I know I'm innocent. For one thing I plead guilty because I can't keep coming down here, you understand, because of my job.

No inquiry was made by the trial court of appellant regarding his protestation of innocence. However, appellant, immediately before making the above quoted statements, affirmed that his plea was voluntary in responding to the trial court's admonishments (the admonishments were read by the prosecutor for the convenience of the trial court after all parties consented):

PROSECUTOR: How do you plead to the offense of burglary of a habitation with intent to commit theft?

THE DEFENDANT: Guilty.

PROSECUTOR: Are you pleading guilty freely and voluntarily?

THE DEFENDANT: Yes, sir.

PROSECUTOR: Have you been forced, coerced or promised anything in any way to get you to plead guilty?

THE DEFENDANT: No, sir.

Tex.Code Crim.Proc.Ann. art. 26.13(b) (Vernon Supp.1987) states:

No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

*Id.*

■ In determining whether a plea is voluntary, the court should consider all the facts and circumstances. *See Brown v. State*, 491 S.W.2d 124, 125 (Tex.Crim.App. 1973). Appellant had entered his plea of guilty in response to the trial court's admonishments. The trial court was not under a duty to order appellant's plea withdrawn based on his subsequent protest. *See Thomas v. State*, 599 S.W.2d 823 (Tex. Crim.App.1980). In *Thomas*, the defendant signed a judicial confession stating she knowingly and intentionally possessed heroin. *See id.* at 824. She then testified that she did not purchase the heroin and had no idea it was in her purse. *See id.* at 824. The court held that after having already received the defendant's confession, the trial court did not err in failing to sua sponte withdraw appellant's guilty plea. *See id.* at 824. *Thomas* and the instant case both involved pleas to the trial court. In *Moon v. State*, 572 S.W.2d 681 (Tex.Crim.App. 1978) (op. on reh'g), the Court of Criminal Appeals held that the trial court is not required to sua sponte withdraw a plea of guilty and enter a plea of not guilty for a defendant when the defendant enters the plea of guilty before the court after waiving a jury, even if evidence is adduced that might reasonably and fairly raise an issue of fact as to the guilt of the defendant. *See id.*

■ Appellant cites *Griffin v. State*, 703 S.W.2d 193 (Tex.Crim.App.1986) (op. on reh'g), in support of his claim that the trial court should have ordered that his guilty plea be withdrawn and a plea of not guilty be entered. Griffin involved a plea of guilty to a jury for the offense of attempted capital murder. *See id.* at 194. However, when Griffin gave testimony to support his guilty plea he stated that the gun discharged accidentally and that he did not intend to shoot his victim. *See id.* at 194. The court stated the rule that:

Where a plea of guilty is entered in a felony case, before a jury, and evidence is introduced which makes evident the innocence of the accused, or which reasonably and fairly raises an issue as to such fact, such evidence should be withdrawn or a plea of not guilty entered.

*Id.* at 195. *Griffin* may be distinguished from the instant case. *Griffin*, and the rule stated therein, involved a plea before a jury rather than to the court. After considering all the facts and circumstances, we find that the trial court did not err in failing to withdraw appellant's freely and voluntarily made plea of guilty. *See Thomas v. State*, 599 S.W.2d at 824 (Tex. Crim.App.1980). Appellant's first point of error is overruled.

■ In his second point of error appellant complains that the trial court erred by failing to personally admonish him as required by Tex.Code Crim.Proc.Ann. art. 26.13(a) (Vernon Supp.1987), which states in pertinent part: "Prior to accepting a plea of guilty or nolo contendere, the court shall admonish the defendant ..." *Id.* The admonishments were read by the prosecutor after the trial court received the consent of appellant's trial counsel:

THE COURT: Is it okay if I let Mr. Buchanan (prosecutor) handle the admonishment?

DEFENSE COUNSEL: Yes, sir, Your Honor, it is.

Appellant made no objection to the action of the trial court. Therefore, no error is preserved for review. Tex.R.App.P. 52(a). Appellant's second point of error is overruled.

In his third point of error appellant complains that he was denied effective assistance of counsel because his trial attorney did not attempt to have his guilty plea withdrawn and did not object to the prosecutor's administering of the trial court's admonishments to appellant.

■ To successfully advance an ineffective assistance claim, appellant must show: (1) that he was denied reasonably effective assistance of counsel and (2) that counsel's errors were so serious as to deprive him of a fair trial, one whose result is reliable. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ The accused, as opposed to counsel, has ultimate authority to make certain fundamental decisions regarding the case including whether to plead guilty. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). The record does not reflect what discussions occurred between appellant and his trial counsel regarding the guilty plea. However, once appellant was before the bench, counsel was compelled to acquiesce in appellant's decision. After appellant made the voluntary decision to enter a plea of guilty, his attorney had no authority to request that it be withdrawn. Appellant has failed to establish the first prong of *Strickland*. Furthermore, appellant has failed to demonstrate harm in counsel's failure to demand that the trial court personally pronounce the admonishments, as opposed to the prosecutor. The admonishments given were proper and were read to appellant. They were given in the presence of the trial court so that he could observe appellant and ensure that the guilty plea was made freely and voluntarily. Appellant has failed to establish the second prong of *Strickland*. Appellant's third point of error is overruled.

The judgment is affirmed.