Gilbert-RD v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-113-CR
No. 10-95-114-CR
No. 10-95-115-CR




     RAYMOND DOYLE GILBERT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 195th District Court
Dallas County, Texas
Trial Court Nos. F94-56478-QN, F94-56479-RN & F94-42647-RN
                                                                                                    

O P I N I O N
                                                                                                    

      In Cause No. 10-95-113-CR, Appellant Gilbert appeals his conviction for the unlawful
possession of a firearm by a felon, enhanced by two prior felony convictions, for which he was
sentenced to life in the Texas Department of Criminal Justice.
      In Cause No. 10-95-114-CR, Appellant Gilbert appeals his conviction for the unauthorized
use of a motor vehicle, enhanced by two prior felony convictions, for which he was sentenced to
life in the Texas Department of Criminal Justice.
      In Cause No. 10-95-115-CR, Appellant Gilbert appeals his conviction for the unauthorized
use of a motor vehicle, enhanced by two prior felony convictions, for which he was sentenced to
life in the Texas Department of Criminal Justice.
      The three cases were tried together and there is one statement of facts. In all three cases
Appellant waived a jury, pled guilty before the judge, and pled true to the enhancements. There
was no plea bargain with the State. Appellant testified to six prior trips to the penitentiary; that
he had been in the pen most of his adult life; that he had been a drug addict since he was 14 years
old; that it was mainly "speed" that he used; that he wanted deferred adjudication and placement
in a drug treatment center.
      Based on the pleas of guilty, the pleas of true to the enhancements, and the evidence
presented, the trial court found Appellant guilty in all three cases; found the enhancement
paragraphs in all three cases to be "true"; assessed punishment in each case at life; and sentenced
Appellant accordingly. Appellant appeals all three cases on two identical points of error.
      Point one, in each case, asserts that Appellant's plea of guilty was involuntary since his
counsel advised him he would receive a sentence of deferred adjudication or, at most, 25 years in
prison.
      The record shows that Appellant was correctly admonished by the trial judge as to the
punishment range in each case and that he entered his plea in each case freely and voluntarily. 
Appellant pled guilty orally; plead guilty in writing; signed a judicial confession, and a stipulation
of evidence in each case. He further signed a plea agreement that his plea of guilty was an "open
plea," and that he would testify in each case. Appellant testified that he understood there was no
plea bargain; that each was an "open plea" and that he entered into his pleas freely and voluntarily
in each case.
      Appellant also testified on motion for new trial that his attorney told him that he would either
be sent to "rehab," placed on deferred adjudication, or the worst he would get would be 25 years;
that "he could count on that"; and that he would have gone to a jury but for this advice.
      Appellant's trial attorney did not appear at the hearing on the motion for a new trial. The
prosecutor stated the State tried to find him but was unable to do so.
      When the record shows that a defendant received a correct admonishment on punishment, as
here, it is a prima facie showing that the guilty plea was knowing and voluntary. Richard v. State,
788 S.W.2d 917, 920 (Tex. App.—Houston [1st Dist.] 1990). The burden then shifts to the
defendant to show that he entered his plea without understanding the consequences of his plea and,
therefore, was harmed. Fuentes v. State, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985).
      In considering whether a plea is voluntary, the court should consider all the facts and
circumstances. Goodie v. State, 735 S.W.2d 871, 873 ((Tex. App.—Houston [14th Dist.] 1987,
pet. ref'd, 745 S.W.2d 379 ((Tex. Crim. App. 1988).
      Absent any evidence that defense counsel's erroneous advice to a defendant was sanctioned
by the trial judge, such does not affect the validity of the guilty plea. Ex parte Evans, 690 S.W.2d
274, 277 (Tex. Crim. App. 1985).
      Appellant signed a "Plea Agreement" in each case stating he would plead guilty and true to
the enhancement paragraphs; that the pleas were "open pleas"; and that he would testify. He was
admonished by the court as to the range of punishment; he stated that he understood the range; and
testified that his guilty pleas were entered freely and voluntarily. He has not shown that his guilty
pleas were involuntary or that he did not understand the consequences of pleading guilty.
      Point one, in each case, is overruled.
      Point two, in each case, asserts that Appellant received ineffective assistance of counsel.
      Appellant asserted in his motion for a new trial, and asserts here, that his counsel was
ineffective by promising him a 25-year sentence if he did not receive deferred adjudication.
      Strickland v. Washington, 466 U.S. 668, 687, sets the standard in assessing ineffective
assistance of counsel challenges. Appellant must show that counsel's performance failed to
constitute "reasonably effective assistance" and that there was a reasonable probability that but for
counsel's unprofessional errors, the result of the proceeding would have been different. Texas
adopted this standard in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). If a
defendant was not harmed, there is no prejudice or error. Boyd v. State, 811 S.W.2d 105, 109
(Tex. Crim. App. 1991), 112 S.Ct. 448).
      At the motion for a new trial hearing, Appellant was the only witness who testified. Appellant
did not present the testimony of his trial counsel. The trial judge was the judge of the credibility
of Appellant as a witness.
      By overruling the motion for a new trial, the trial judge found that Appellant failed to meet
his burden of showing that his counsel was ineffective. The standard of review of a trial court's
decision on a motion for a new trial is abuse of discretion. Reyes v. State, 849 S.W.2d 812, 816
(Tex. Crim. App. 1993).
      To receive a new trial on an ineffective assistance of counsel claim, a defendant is required
to show that counsel was ineffective. Since the law presumes that counsel was effective,
Robertson v. State, 852 S.W.2d 508, 510 ((Tex. Crim. App. 1993), a defendant should have to
refute this presumption with more than his own favorable testimony, of which the trial judge was
the judge of the credibility of same.
      The trial judge did not abuse his discretion by overruling Appellant's motion for a new trial
in each case.
      Point two, in each case, is overruled. The judgments, in all three cases, are affirmed.
 
                                                                               FRANK G. McDONALD 
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance,
      and Chief Justice McDonald (Retired)
Affirmed in all three cases
Opinion delivered and filed May 8, 1996
Do not publish