Affirmed and Memorandum Opinion filed April 3, 2003













Affirmed and
Memorandum Opinion filed April 3, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00176-CR

____________

 

ZUEL CHOWDHURY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

__________________________________________________

 

On Appeal from
the 268th District Court

Fort Bend County, Texas

Trial Court
Cause No. 32,804-A

 

__________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Zuel
Chowdhury was convicted of felony possession of a
controlled substance.  After waiving a
jury trial, appellant pleaded guilty and tried the punishment issue to the
court.  In his sole point of error,
appellant argues the trial court erred because it did not sua
sponte withdraw his plea of guilty when he introduced
evidence of entrapment during the punishment phase of the case.  We affirm. 




I.  Factual Background

            On February 10, 2000, appellant was arrested in
the parking lot of a Lowe’s hardware store. 
Count one on the indictment charged him with intentionally and knowingly
delivering by actual transfer a controlled substance, namely cocaine, in an
amount of 400 grams or more.  Count two
charged that he knowingly and intentionally possessed a controlled substance,
namely cocaine, in an amount of 400 grams or more.  Appellant pleaded guilty to count two, the
lesser offense, and waived a jury trial for the opportunity to be sentenced by
the court.  

            During the punishment phase,
appellant attempted to present evidence of entrapment for the purpose of
mitigating his punishment.  In so doing,
he called Jeffery Alan Filson, a fifteen year old
friend, to testify on his behalf. 
According to Filson’s testimony, an individual
known as “Richie” asked Filson
if he knew of anyone who could supply a large amount of cocaine.  Filson relayed this
message to appellant in casual conversation. 
Appellant testified he contacted Richie, who
in turn put him in contact with Pete Paske, an
undercover police officer.  According to
appellant’s testimony, he contacted Richie only to
request that he refrain from contacting Filson.  He also testified that he asked Richie why he felt it necessary to use a fifteen year old
boy to find narcotics.  However, after
several telephone calls between appellant and Paske,
appellant agreed to locate approximately one kilogram of cocaine for the price
of $17,500.00.  Appellant stated he felt
pressured by numerous phone calls from Paske and
others and felt he would continue to be bothered by them until he complied with
their wishes. 

            The court sentenced appellant to
fifteen years imprisonment.  This appeal
ensued.

II.  Standard
of Review

            Whether a defendant’s guilty plea
should be withdrawn is left to the sound discretion of the trial court, and we
therefore review the trial court’s ruling under an abuse of discretion
standard.  See Graves v. State, 803 S.W.2d 342, 346
(Tex. App.—Houston [14th Dist.] 1990, pet. ref’d).  We look to the totality of the circumstances
in each case to determine whether there is sufficient evidence to require the
withdrawal of a plea.  See Gates v. State, 543
S.W.2d 360, 361–62 (Tex. Crim. App. 1976). 

III.  ANALYSIS

            In his sole point of error,
appellant argues the court erred in failing to sua sponte withdraw his guilty plea when evidence of
entrapment, an affirmative defense, was fairly raised and presented.  A trial court is not required to withdraw a
guilty plea sua sponte and
enter a plea of not guilty when the defendant enters a plea of guilty before
the court, after waiving a jury, even if evidence is thereafter adduced that
either makes his innocence evident or reasonably and fairly raises an issue as
to guilt.  Moon v. State, 572 S.W.2d
681, 682 (Tex. Crim. App. 1978); see also Solis v. State, 945 S.W.2d 300, 303 (Tex. App.—Houston
[1st Dist.] 1997, pet. ref’d) (noting that it would
“serve no valid purpose for the court to withdraw the guilty plea and enter a
not guilty plea when the defendant enters a plea of guilty before the court
after waiving a jury.”); Goodie v. State,
735 S.W.2d 871, 873 (Tex. App.—Houston [14th Dist.] 1987, pet denied) (noting
that the trial court was not under a duty to order appellant’s plea withdrawn
based on his subsequent protest); Luna v.
State, No. 13-02-147-CR, 2003 WL 60525, at *2 (Tex. App.—Corpus Christi
Jan. 9, 2003, no pet. h.) (not designated for
publication) (“A trial court has no obligation to sua
sponte withdraw a plea of guilt or no contest made
before it, even if evidence is presented that makes the innocence of the
defendant evident or reasonably and fairly raises an issue as to such
innocence.”)  As the trier
of fact, the court may find the appellant guilty of a lesser offense and assess
the appropriate punishment or it may find the defendant not guilty.  Solis,
945 S.W.2d at 303.

            It is true as appellant contends
that when a defendant pleads guilty before a jury, the trial court must sua sponte withdraw the plea if evidence fairly raising an
issue as to innocence arises before the defendant is found guilty.  See Griffin v. State, 703 S.W.2d 193,
195 (Tex. Crim. App. 1986).  The Court of Criminal Appeals, however,  has held that a
different rule applies when, as here, a defendant pleads guilty before the
court.  See Thomas v. State, 599 S.W.2d 823, 824 (Tex. Crim.
App. 1980).  The reason for the
distinction is that the trial court has authority to find the defendant
innocent regardless of the plea if the judge determines the evidence sufficient
to support such a judgment.  See id.; Goodie, 735
S.W.2d at 873.  Thus,
all of the cases relied upon by appellant are distinguishable as they involve
guilty pleas to a jury.  See Payne v. State, 790 S.W.2d 649, 651
(Tex. Crim. App. 1990); Griffin, 703 S.W.2d at 194; Lincoln
v. State, 560 S.W.2d 657, 658 (Tex. Crim. App.
1978); Montalvo
v. State, 572 S.W.2d 714 (Tex. Crim. App. 1978); Saenz v. State, 807 S.W.2d 10, 11 (Tex.
App.—Corpus Christi 1991, no pet.); Leal
v. State, 730 S.W.2d 72, 73 (Tex. App.—Corpus Christi 1987, no pet). 

            Because the court has the discretion
to find the defendant not guilty when the evidence supports such a finding even
though the defendant has maintained his guilty plea, the trial court is not
required to withdraw the plea of guilty and enter a not guilty plea.  Moon,
572 S.W.2d at 682; Solis, 945 S.W.2d at 303. 
Here, appellant pleaded guilty and waived his right to a jury
trial.  Thus, we find the trial court was
not required to withdraw sua sponte
the appellant’s freely and voluntarily made plea.  Under the facts and circumstances of this
case, we find the trial court’s election was not an abuse of discretion. 

III. 
Conclusion

            Accordingly, we overrule appellant’s
point of error and affirm the judgment.

 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed April 3,
 2003.

Panel consists of Justices Edelman,
Seymore, and Guzman.

Do Not Publish — Tex.
R. App. P. 47.2(b).