# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00565-CR

**Gary Allen Whitney Sr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 46598, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In October 1997, Gary Allen Whitney, Sr., pleaded no contest to the offenses of aggravated sexual assault of a child and indecency with a child by contact. The district court placed Whitney on deferred adjudication community supervision for ten years. In May 2007, the State filed a motion to adjudicate, which it later amended in October 2007. As amended, the motion alleged that Whitney had violated the terms and conditions of his community supervision by (1) sexually assaulting a child in June 2007, (2) failing to report to his probation officer, (3) failing to pay a supervisory fee, (4) failing to participate in substance abuse testing, and (5) failing to attend sex offender counseling. During the adjudication hearing, Whitney pleaded true to the allegations, and a written judicial confession to the alleged violations, signed by Whitney and his attorney, was admitted into evidence without objection. The district court revoked Whitney's deferred adjudication, adjudged him guilty of both offenses, and assessed punishment at life imprisonment

for the offense of aggravated sexual assault of a child and twenty years' imprisonment for the offense of indecency with a child, to run concurrently.

Whitney brings two issues on appeal in which he complains of due-process violations. In his first issue, Whitney claims that his plea of true to the alleged violations of his community-supervision conditions was not freely and voluntarily made because the record "is not clear that Whitney was aware of what he was pleading true to." In particular, Whitney complains that the district court accepted his plea of true without "inquiring specifically what it was Appellant believed to be true." In his second issue, Whitney contends that the record reflects the district court arbitrarily refused to consider mitigating evidence and the entire range of punishment before sentencing him. We will affirm the district court's judgment.

We begin by observing that, as the State urges, Whitney did not raise either of his appellate complaints in the district court. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a)(1). The contemporaneous objection rule applies in the context of appeals from orders revoking community supervision. *See, e.g.*, *Rogers v. State*, 640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982) (second op. on reh'g) (holding that probationer waives error if he fails to raise due process objection in trial court, "either at the time the judge continues the hearing and/or probation, or at the time of actual revocation or at the time of sentencing"); *Lopez v. State*, 96 S.W.3d 406, 415 (Tex. App.—Austin 2002, pet. ref'd) (holding that failure to contemporaneously object

2

to separate hearing on punishment waives error, unless record shows that probationer lacked "opportunity to present mitigating evidence on punishment"); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (holding that, for one to preserve complaint for appeal that trial court failed to consider full range of punishment, error, if any, must be raised to trial court); *Goodie v. State*, 735 S.W.2d 871, 873 (Tex. App.—Houston [14th Dist.] 1987, pet. denied) (holding that "no error is preserved for review" when appellant made no objection to trial court's alleged failure to properly admonish defendant). In this case, Whitney never objected to the district court's alleged errors during his revocation hearing. Nor did he raise them in a subsequent motion for new trial. Nothing is presented for review. *See* Tex. R. App. P. 33.1(a). However, even assuming Whitney had preserved error, his complaints are without merit.

Regarding Whitney's first issue, we consider the record as a whole when determining the voluntariness of a plea. *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975); *Labib v. State*, 239 S.W.3d 322, 332 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). The record here reflects that the district court made the following inquiries before accepting Whitney's plea of true:

| | |
|---|---|
| The Court: | Do you understand why you're here? |
| The Defendant: | Yes, sir. |
| The Court: | Do you understand what your rights are on a motion to revoke probation? |
| The Defendant: | I do. |
| The Court: | And you met with [defense counsel] and he's explained everything to you? |
| The Defendant: | Yes, sir. |

| | |
|---|---|
| The Court: | Very good. I just have to be sure about that. I have to ask those questions. [Defense counsel], he obviously understands what he's doing, right? |
| [Defense Counsel]: | Yes, Your Honor. I've known Mr. Whitney for some time. I've visited him on several occasions. I've written him several letters. And I've had an opportunity to meet with him today. And he's already participated in and completed the PSI report for the court; so we even did that, and understood everything he was doing there. So, yes, sir, he certainly understands. |
| The Court: | Okay. Very well. All right. Mr. Whitney, on your motion to revoke probation, the allegations against you are contained in paragraphs that are enumerated paragraphs, A, B, C, D, E, and so on. On those paragraphs how do you plead, sir, are they true or not true? |
| The Defendant: | True. |
| The Court: | True. And are you pleading true freely and voluntarily? |
| The Defendant: | Yes, sir. |
| The Court: | And you're pleading true just because the charges are true? |
| The Defendant: | Yes, sir. |
| The Court: | And not because anybody's forcing you or threatening you or anything like that? |
| The Defendant: | No. |
| The Court. | All right. Do you agree with that, [defense counsel]? |
| [Defense counsel]: | Yes, Your Honor. |

The district court then verified that Whitney's plea of true applied to the allegations in the State's amended motion to adjudicate and not the prior version. Whitney's counsel confirmed that the

4

plea referred to the allegations in the amended motion. The district court then accepted the plea.

Whitney's signed judicial confession was then admitted into evidence without objection. In it, Whitney, under oath, "judicially confess[ed] to being the person who was placed on community supervision in this Cause and to having violated the conditions of community supervision as alleged in the State's Motion to Adjudicate or Revoke, attached hereto." Attached to the document was the State's amended motion to adjudicate.

On appeal, Whitney argues that "nothing indicates that Whitney read or understood what he was pleading true to" and that "[f]urther evidence of the confusion regarding Whitney's plea" is demonstrated in the testimony of his daughter, Samantha Nowaski, on the issue of punishment. On the punishment issue, the State introduced Whitney's presentence investigation report (PSI). The defense presented the testimony of Nowaski; Whitney's wife, Brenda Whitney; and Whitney's son, Gary Whitney, Jr. The witnesses vouched that Whitney had complied with supervision conditions that included abstaining from alcohol and avoiding locations like schools and parks where young children were likely to be. Ms. Whitney and Nowaski also expressed their belief that Whitney had not committed the additional child sexual assault alleged in the amended revocation motion. Their testimony revealed that the alleged child victim of the additional sexual assault was Whitney's own grandson, the son of another daughter from whom they had become estranged over the accusations, and that Whitney's alleged acts on his grandson were similar to those underlying his 1997 sexual assault charge. The women accused the husband of the other daughter of fabricating the allegations, claiming he had a history of animosity with Whitney and had expressed a desire to "send" Whitney to prison.

5

During the State's cross-examination of Nowaski, it confronted her with the fact that Whitney had just pled true and judicially confessed to the allegations in the State's amended revocation motion. While acknowledging that Whitney had "stated true he violated his probation," Nowaski disputed whether Whitney had admitted the alleged incident with the grandson, insisting, "He didn't say it happened." At this juncture, the district court interjected the following:

> I just asked the man, Do you understand the allegations in the motion to revoke your probation in paragraphs A, B, C, D, E, F and whatever else they were.
>
> And he said, Yes, I understand each and every paragraph.
>
> And I said, How do you want to plead? You can plead either true or not true.
>
> He said, Judge, I want to plead true.
>
> I said, Sir, are you pleading true to these allegations freely and voluntarily?
>
> Yes, sir.
>
> I said, Are you pleading guilty to or true to just because they are true?
>
> He said, Yes, sir.
>
> I said, Anybody force you or threaten you in any way to get you to plead true to these allegations?
>
> He said, No, sir.
>
> I said, Have you talked to [defense counsel] about this?
>
> Yes, sir.
>
> Have you gone over this document and all the allegations contained therein?
>
> Yes, sir.
>
> Have you signed it and has your attorney signed it?

6

Yes, sir.

All right. I'll accept your plea. It's admitted into evidence, State's Exhibit No. 1.

Whitney and his counsel did not object or otherwise dispute the district court's description of his plea and its import. In fact, as the State resumed its cross-examination, Whitney's counsel objected to any questioning of Nowaski as to "whether her father thinks it's true or not" on grounds of speculation. The district court sustained the objection. Furthermore, when subsequently pleading for probation during closing argument, Whitney's counsel cited the PSI, in which Whitney, according to his counsel,[1] acknowledged that he understood the allegations that he had sexually assaulted his grandson, expressed deep remorse for "a terrible offense," and indicated his desire to plead no contest to separate criminal charges arising from the act to avoid putting his family through a trial.

We conclude that this record as a whole indicates that Whitney knowingly and voluntarily pled true to each violation alleged in the State's amended revocation motion. We overrule Whitney's first issue.

As for Whitney's complaint that the district court failed to consider the entire range of punishment, it is true that a trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *See Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005).

---

[1] Although the PSI prepared for his 1997 sentencing is in the appellate record, the PSI apparently prepared for his 2008 sentencing is not.

However, in the absence of a clear showing to the contrary, we presume that the trial court did not act arbitrarily. *See Roman v. State*, 145 S.W.3d 316, 319 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Here, the record reflects that after hearing testimony and argument, the district court noted that Whitney had pled true to the allegations in the revocation motion, one of which involved a new offense of sexually assaulting a child similar to the ones for which he was already on community supervision. The child victim of the new alleged offense, again, was Whitney's own grandson. The court revoked Whitney's probation for aggravated sexual assault and found him guilty of that offense.[2] It then turned to the issue of punishment. The district court correctly noted the punishment range for that offense was between five and ninety-nine years' or life imprisonment and up to a $10,000 fine. The court assessed punishment at life, and remanded Whitney into custody.

Whitney points to the following exchange between the district court and defense counsel at the conclusion of the hearing as proof that the court had arbitrarily refused to consider imposing probation:

[Defense counsel]:    Your Honor.  May I be excused?

The Court:             Certainly.  Thank you, [defense counsel].  But, incidentally—

[Defense counsel]:    Yes, sir.

---

[2] Although this hearing had pertained to both charges against Whitney, the district court, through an apparent oversight, pronounced judgment solely as to the offense of aggravated sexual assault of a child but not indecency with a child by contact. With Whitney's consent, the district court pronounced judgment regarding the remaining offense on the following day.

| | |
|---|---|
| The Court: | —with regards to pleas of no contest, I don't mind if a man pleads no contest to a case if it's not a probation case. But if he's going to plead no contest to the case and then apply for probation, it doesn't make sense. |
| [Defense counsel]: | No, sir. |
| The Court: | Because he's pleading no contest he can't fully participate in sex offender registration—sex offender counseling. |
| [Defense counsel]: | I see. |
| The Court: | Because when you go to sex offender counseling the first thing you have to do is you have to go in and say, I'm here to counsel for sex offense; I'm a sex offender; I'm guilty of a sex offense; and I need to be counseled in that regard. You can't go down there and say to your counselor, I pled no contest; I wasn't guilty; I'm still not guilty; I don't need to participate in sex offender counseling; I don't know what I'm doing here. Send me home. So they send him home. And they can't help him. |
| [Defense counsel]: | I agree with you, Your Honor. |
| The Court: | If he's going to [do] pen time, we don't have to have—he can plead no contest if he wants to. All right. Thank you, [defense counsel]. |
| [Defense counsel]: | Yes, sir. Thank you, Your Honor. |

It is unclear from the record exactly what prompted this exchange or to what issue in the case, if any, the district court was referring. Whitney construes the district court's statements as demonstrating it "had arbitrarily decided that it would not consider leaving Whitney on community supervision due to the fact that he had originally pleaded nolo contendere to the offenses alleged in this case." From the context of the remarks, the court could just as plausibly been referring to counsel's assertions that Whitney intended to plead no contest to the new sexual assault charges. Either way,

considering the record as a whole, we find no clear indication that the district court arbitrarily refused to consider the full range of punishment for the 1997 offenses or refused to consider mitigating evidence and imposed a predetermined sentence. We overrule Whitney's second issue.

We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: March 6, 2009

Do Not Publish