TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00565-CR






Gary Allen Whitney Sr., Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 46598, HONORABLE JOE CARROLL, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In October 1997, Gary Allen Whitney, Sr., pleaded no contest to the offenses
of aggravated sexual assault of a child and indecency with a child by contact. The district court
placed Whitney on deferred adjudication community supervision for ten years. In May 2007,
the State filed a motion to adjudicate, which it later amended in October 2007. As amended, the
motion alleged that Whitney had violated the terms and conditions of his community supervision by
(1) sexually assaulting a child in June 2007, (2) failing to report to his probation officer, (3) failing
to pay a supervisory fee, (4) failing to participate in substance abuse testing, and (5) failing to attend
sex offender counseling. During the adjudication hearing, Whitney pleaded true to the allegations,
and a written judicial confession to the alleged violations, signed by Whitney and his attorney,
was admitted into evidence without objection. The district court revoked Whitney's deferred
adjudication, adjudged him guilty of both offenses, and assessed punishment at life imprisonment
for the offense of aggravated sexual assault of a child and twenty years' imprisonment for the offense
of indecency with a child, to run concurrently. 

 Whitney brings two issues on appeal in which he complains of due-process violations. 
In his first issue, Whitney claims that his plea of true to the alleged violations of his community-supervision conditions was not freely and voluntarily made because the record "is not clear
that Whitney was aware of what he was pleading true to." In particular, Whitney complains that the
district court accepted his plea of true without "inquiring specifically what it was Appellant believed
to be true." In his second issue, Whitney contends that the record reflects the district court arbitrarily
refused to consider mitigating evidence and the entire range of punishment before sentencing him. 
We will affirm the district court's judgment.

 We begin by observing that, as the State urges, Whitney did not raise either of his
appellate complaints in the district court. As a prerequisite to presenting a complaint for appellate
review, the record must show that the complaint was made to the trial court by a timely request,
objection, or motion that stated the grounds for the ruling that the complaining party sought from
the trial court with sufficient specificity to make the trial court aware of the complaint. Tex. R. App.
P. 33.1(a)(1). The contemporaneous objection rule applies in the context of appeals from orders
revoking community supervision. See, e.g., Rogers v. State, 640 S.W.2d 248, 263-64 (Tex. Crim.
App. 1982) (second op. on reh'g) (holding that probationer waives error if he fails to raise due
process objection in trial court, "either at the time the judge continues the hearing and/or probation,
or at the time of actual revocation or at the time of sentencing"); Lopez v. State, 96 S.W.3d 406,
415 (Tex. App.--Austin 2002, pet. ref'd) (holding that failure to contemporaneously object
to separate hearing on punishment waives error, unless record shows that probationer lacked
"opportunity to present mitigating evidence on punishment"); Teixeira v. State, 89 S.W.3d 190, 192
(Tex. App.--Texarkana 2002, pet. ref'd) (holding that, for one to preserve complaint for appeal that
trial court failed to consider full range of punishment, error, if any, must be raised to trial court);
Goodie v. State, 735 S.W.2d 871, 873 (Tex. App.--Houston [14th Dist.] 1987, pet. denied) (holding
that "no error is preserved for review" when appellant made no objection to trial court's alleged
failure to properly admonish defendant). In this case, Whitney never objected to the district court's
alleged errors during his revocation hearing. Nor did he raise them in a subsequent motion for
new trial. Nothing is presented for review. See Tex. R. App. P. 33.1(a). However, even assuming
Whitney had preserved error, his complaints are without merit.

 Regarding Whitney's first issue, we consider the record as a whole when determining
the voluntariness of a plea. Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975); Labib
v. State, 239 S.W.3d 322, 332 (Tex. App.--Houston [1st Dist.] 2007, pet. ref'd). The record here
reflects that the district court made the following inquiries before accepting Whitney's plea of true:


The Court: Do you understand why you're here?


The Defendant: Yes, sir.


The Court: Do you understand what your rights are on a motion to revoke
probation?


The Defendant: I do.


The Court: And you met with [defense counsel] and he's explained
everything to you?


The Defendant: Yes, sir.


The Court: Very good. I just have to be sure about that. I have to ask
those questions. [Defense counsel], he obviously understands
what he's doing, right?


[Defense Counsel]: Yes, Your Honor. I've known Mr. Whitney for some time. 
I've visited him on several occasions. I've written him
several letters. And I've had an opportunity to meet with him
today. And he's already participated in and completed the
PSI report for the court; so we even did that, and understood
everything he was doing there. So, yes, sir, he certainly
understands.


The Court: Okay. Very well. All right. Mr. Whitney, on your motion to
revoke probation, the allegations against you are contained in
paragraphs that are enumerated paragraphs, A, B, C, D, E, and
so on. On those paragraphs how do you plead, sir, are they
true or not true?


The Defendant: True.


The Court: True. And are you pleading true freely and voluntarily?


The Defendant: Yes, sir.


The Court: And you're pleading true just because the charges are true?


The Defendant: Yes, sir.


The Court: And not because anybody's forcing you or threatening you or
anything like that?


The Defendant: No.


The Court. All right. Do you agree with that, [defense counsel]?


[Defense counsel]: Yes, Your Honor.



The district court then verified that Whitney's plea of true applied to the allegations in the State's
amended motion to adjudicate and not the prior version. Whitney's counsel confirmed that the
plea referred to the allegations in the amended motion. The district court then accepted the plea. 
Whitney's signed judicial confession was then admitted into evidence without objection. In it,
Whitney, under oath, "judicially confess[ed] to being the person who was placed on community
supervision in this Cause and to having violated the conditions of community supervision as alleged
in the State's Motion to Adjudicate or Revoke, attached hereto." Attached to the document was the
State's amended motion to adjudicate.

 On appeal, Whitney argues that "nothing indicates that Whitney read or understood
what he was pleading true to" and that "[f]urther evidence of the confusion regarding Whitney's
plea" is demonstrated in the testimony of his daughter, Samantha Nowaski, on the issue of
punishment. On the punishment issue, the State introduced Whitney's presentence investigation
report (PSI). The defense presented the testimony of Nowaski; Whitney's wife, Brenda Whitney;
and Whitney's son, Gary Whitney, Jr. The witnesses vouched that Whitney had complied with
supervision conditions that included abstaining from alcohol and avoiding locations like schools and
parks where young children were likely to be. Ms. Whitney and Nowaski also expressed their belief
that Whitney had not committed the additional child sexual assault alleged in the amended
revocation motion. Their testimony revealed that the alleged child victim of the additional sexual
assault was Whitney's own grandson, the son of another daughter from whom they had become
estranged over the accusations, and that Whitney's alleged acts on his grandson were similar to those
underlying his 1997 sexual assault charge. The women accused the husband of the other daughter
of fabricating the allegations, claiming he had a history of animosity with Whitney and had expressed
a desire to "send" Whitney to prison.

 During the State's cross-examination of Nowaski, it confronted her with the fact that
Whitney had just pled true and judicially confessed to the allegations in the State's amended
revocation motion. While acknowledging that Whitney had "stated true he violated his probation,"
Nowaski disputed whether Whitney had admitted the alleged incident with the grandson, insisting,
"He didn't say it happened." At this juncture, the district court interjected the following: 


 I just asked the man, Do you understand the allegations in the motion to
revoke your probation in paragraphs A, B, C, D, E, F and whatever else they were.


 And he said, Yes, I understand each and every paragraph.


 And I said, How do you want to plead? You can plead either true or not true.


 He said, Judge, I want to plead true.


 I said, Sir, are you pleading true to these allegations freely and voluntarily?


 Yes, sir.


 I said, Are you pleading guilty to or true to just because they are true?


 He said, Yes, sir.


 I said, Anybody force you or threaten you in any way to get you to plead true
to these allegations?


 He said, No, sir.


 I said, Have you talked to [defense counsel] about this?


 Yes, sir.


 Have you gone over this document and all the allegations contained therein?


 Yes, sir.


 Have you signed it and has your attorney signed it? 


 Yes, sir.


 All right. I'll accept your plea. It's admitted into evidence, State's
Exhibit No. 1.



Whitney and his counsel did not object or otherwise dispute the district court's description of his
plea and its import. In fact, as the State resumed its cross-examination, Whitney's counsel objected
to any questioning of Nowaski as to "whether her father thinks it's true or not" on grounds of
speculation. The district court sustained the objection. Furthermore, when subsequently pleading
for probation during closing argument, Whitney's counsel cited the PSI, in which Whitney,
according to his counsel, (1) acknowledged that he understood the allegations that he had sexually
assaulted his grandson, expressed deep remorse for "a terrible offense," and indicated his desire
to plead no contest to separate criminal charges arising from the act to avoid putting his family
through a trial.

 We conclude that this record as a whole indicates that Whitney knowingly
and voluntarily pled true to each violation alleged in the State's amended revocation motion. We
overrule Whitney's first issue.

 As for Whitney's complaint that the district court failed to consider the entire range
of punishment, it is true that a trial court denies due process when it arbitrarily refuses to consider
the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes
a predetermined punishment. See Ex parte Brown, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005). 
However, in the absence of a clear showing to the contrary, we presume that the trial court did
not act arbitrarily. See Roman v. State, 145 S.W.3d 316, 319 (Tex. App.--Houston [14th Dist.]
2004, pet. ref'd). Here, the record reflects that after hearing testimony and argument, the district
court noted that Whitney had pled true to the allegations in the revocation motion, one of which
involved a new offense of sexually assaulting a child similar to the ones for which he was already
on community supervision. The child victim of the new alleged offense, again, was Whitney's
own grandson. The court revoked Whitney's probation for aggravated sexual assault and found
him guilty of that offense. (2) It then turned to the issue of punishment. The district court correctly
noted the punishment range for that offense was between five and ninety-nine years' or life
imprisonment and up to a $10,000 fine. The court assessed punishment at life, and remanded
Whitney into custody.

 Whitney points to the following exchange between the district court and defense
counsel at the conclusion of the hearing as proof that the court had arbitrarily refused to consider
imposing probation:


[Defense counsel]: Your Honor. May I be excused?


The Court: Certainly. Thank you, [defense counsel]. But, incidentally--


[Defense counsel]: Yes, sir.


The Court: --with regards to pleas of no contest, I don't mind if a man
pleads no contest to a case if it's not a probation case. But if
he's going to plead no contest to the case and then apply for
probation, it doesn't make sense.


[Defense counsel]: No, sir.


The Court: Because he's pleading no contest he can't fully participate in
sex offender registration--sex offender counseling.


[Defense counsel]: I see.


The Court: Because when you go to sex offender counseling the first
thing you have to do is you have to go in and say, I'm here to
counsel for sex offense; I'm a sex offender; I'm guilty of a
sex offense; and I need to be counseled in that regard. You
can't go down there and say to your counselor, I pled no
contest; I wasn't guilty; I'm still not guilty; I don't need to
participate in sex offender counseling; I don't know what I'm
doing here. Send me home. So they send him home. And
they can't help him.


[Defense counsel]: I agree with you, Your Honor.


The Court: If he's going to [do] pen time, we don't have to have--he can
plead no contest if he wants to. All right. Thank you,
[defense counsel].


[Defense counsel]: Yes, sir. Thank you, Your Honor. 



It is unclear from the record exactly what prompted this exchange or to what issue in the case, if any,
the district court was referring. Whitney construes the district court's statements as demonstrating
it "had arbitrarily decided that it would not consider leaving Whitney on community supervision
due to the fact that he had originally pleaded nolo contendere to the offenses alleged in this case." 
From the context of the remarks, the court could just as plausibly been referring to counsel's
assertions that Whitney intended to plead no contest to the new sexual assault charges. Either way,
considering the record as a whole, we find no clear indication that the district court arbitrarily refused
to consider the full range of punishment for the 1997 offenses or refused to consider mitigating
evidence and imposed a predetermined sentence. We overrule Whitney's second issue.

 We affirm the district court's judgment.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: March 6, 2009

Do Not Publish
1. Although the PSI prepared for his 1997 sentencing is in the appellate record, the PSI
apparently prepared for his 2008 sentencing is not.
2. Although this hearing had pertained to both charges against Whitney, the district court,
through an apparent oversight, pronounced judgment solely as to the offense of aggravated
sexual assault of a child but not indecency with a child by contact. With Whitney's consent, the
district court pronounced judgment regarding the remaining offense on the following day.